IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG SCOTT, Trustee of Asbestos Workers Local Union No. 2 Welfare Fund, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )<br>) Civil Action No. 06-1174<br>) |
| ABSOLUTE INSULATION, INC., | )<br>) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiffs are trustees of various employee benefit plans who assert that Defendant Absolute Insulation, Inc. failed to make mandatory contributions to the plans in accordance with the plans' agreements, ERISA and the Uniformed Services Employment and Reemployment Rights Act (USERRA). Plaintiffs seek summary judgment awarding the value of unpaid contributions, plus interest, liquidated damages and attorneys' fees and costs. Plaintiffs also seek to recover unpaid interest and liquidated damages on certain delinquent contributions paid prior to the commencement of this litigation.

For the reasons set forth below, Plaintiffs' motion for summary judgment is granted as to liability, with a final damages award to be rendered upon further submission by the parties.

1

A.  APPLICABLE STANDARDS

In deciding a motion to dismiss under Fed. R. Civ. P. 56, I must view the facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, – U.S. –, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). "To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 2007 WL 2153278, at *1 (3d Cir. July 27, 2007) (citations omitted); see also, Player v. Motiva Enters., LLC, 2007 WL 2020086, at *9 n.4 (3d Cir. July 13, 2007) ("If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact.")

B.  UNDISPUTED FACTS

Plaintiffs are trustees of the Asbestos Workers Local Union No. 2 Welfare Fund ("Welfare Fund"), which includes a 401(h) plan, the Asbestos Workers Local Union No. 2 Pension Fund ("Pension Fund"), the Asbestos Workers Local Union No. 2 Annuity Fund ("Annuity Fund") and the Local Union No. 2 Joint Apprenticeship Program ("Apprenticeship Fund") (collectively, the "Funds").[1] Defendant and Local Union No. 2 are parties to a collective bargaining agreement that provides for payment of

---

[1] Defendant's records appear to refer to the Pension Fund, Annuity Fund and 401(h) Plan collectively as the Pension Fund. For the sake of clarity, I adopt Plaintiffs' designations.

contributions by Defendant to the Funds.

There is no dispute that Defendant has failed to make certain required payments to the Funds. Defendant admits that the amount of its unpaid contributions to the Welfare Fund total $69,538.23, to the Pension Fund, Annuity Fund and 401(h) Plan total $71,353.79, and to the Apprenticeship Fund total at least $3,782.49. (Smith Aff., ¶8.)[2] Defendant has not disputed that it was delinquent with respect to other contributions to the Funds.

A Participation Plan sets forth the terms and conditions governing Defendant's contributions to the Funds. In relevant part, the Participation Plan provides as follows:

> 6. The parties recognize and acknowledge that the regular and prompt payment of contributions to the Funds as referred to in this Agreements (sic) is essential to the maintenance of the Funds and that it would be difficult if not impractical to fix the actual expense and damage to the Funds which would result from the failure of an individual employer to pay such monthly contributions in full within the time provided. Therefore, the amount of damage to the Funds resulting from such failure shall be presumed to be 10% of the contributions, which amount shall become due and payable to the Funds as liquidated damages and not as a penalty, upon the 8th day following the due date as set forth above. In addition, an interest charge of 1% for each month or portion thereof that the contribution and/or deductions are delinquent beyond the 7th day after the due date, as set forth above, shall be charged against such delinquent funds contributions by the Board of Trustees of the Funds.

---

[2] Defendant states that its unpaid obligation to the Apprenticeship Fund totals $3,890.49. Plaintiffs have indicated their willingness to accept their own lower balance.

(Vaccaro Aff., Ex. C.)

Beginning in December 2001, Defendant employed Duncan Peak. Mr. Peak took a leave of absence from his employment from December 2003 until February 2005 in connection with his call to active military duty. Upon his release from active duty, Mr. Peak returned to his employment with Defendant. Since Mr. Peak's return to employment with Defendant, Defendant has not made any contributions to the Funds with respect to Mr. Peak's period of military service. Defendant has not contested Plaintiff's allegation that, if a contribution to the Funds on Mr. Peak's behalf was required pursuant to the USERRA, that contribution would amount to $5,396.55.

### C. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

#### 1. LIABILITY FOR UNPAID CONTRIBUTIONS

As there exists no genuine issues of fact under dispute with respect to the total amount of unpaid contributions to the Welfare, Pension, Annuity and Apprenticeship Funds, I grant summary judgment for Plaintiffs on Count I of their Complaint in the principal amounts of $71,353.79 for the Pension Fund (which includes the Pension Fund, the Annuity Fund and the 401(h) Plan), $69,538.23 for the Welfare Fund, and $3,782.49 for the Apprenticeship Fund, for a combined total of $144,674.51.

Defendant has raised no issue of fact with respect to Mr. Peak's employment and military service. Section 4318(b)(1) of the USERRA provides that an employer reemploying a person under this section is liable to allocate to an employee pension

benefit plan on behalf of the reemployed person for the period of military service in the same manner and to the same extent the allocation occurs for other employees during the period of service.    38 U.S.C. 4318 (West 2007); see also, Kelly v. W.G. Tomko, Inc., 2007 WL 906430, at *3 (M.D. Pa. Mar. 22, 2007) (denying motion to dismiss trustees' claim for unpaid contributions to funds on employee's behalf during employee's period of military activation).  Accordingly, I grant summary judgment on the issue of liability to Plaintiffs on Count II of the Complaint in the amount of $5,396.55, payable to the Annuity Fund.

2. PREJUDGMENT INTEREST ON UNPAID CONTRIBUTIONS

Pursuant to ERISA section 29 U.S.C. § 1132(g)(2)(B), and the parties' Participation Plan, Plaintiffs are entitled to collect prejudgment interest on unpaid and delinquent contributions.  The parties agree that the Participation Plan provides for prejudgment interest at a simple rate of 1% of the unpaid contributions per month.  This prejudgment interest rate applies to those contributions which remain unpaid, as well as those previously unpaid contributions which have been paid subsequent to the commencement of this action. See United Auto. Workers Local 259 Social Sec. Dep't v. Metro Auto Ctr., 2007 WL 247227, at *4-5 (3d Cir. Sept. 4, 2007) ("the District Court could properly award the Fund interest on those delinquent contributions that Metro paid while the action, brought pursuant to 29 U.S.C. § 1145, was pending").

Plaintiffs have submitted an interest calculation for the unpaid contributions through March 2007.  See Birmingham Affidavit, Exhibit A and Vaccaro Affidavit,

Exhibit B. The parties are directed to jointly submit to the Court within 15 days of entry of this Order a calculation of the prejudgment interest owed to each Fund through the date of this Order, preferably in the tabular manner previously provided by Messrs. Birmingham and Vaccaro.

3. LIQUIDATED DAMAGES UNDER ERISA

Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to a further award of the greater of (i) the interest on Defendant's unpaid contributions; or (ii) liquidated damages as provided for under the Participation Plan, not to exceed 20% of the unpaid contributions. The Participation Plan provides for liquidated damages in the amount of 10% of the unpaid contributions.[3]  ERISA's liquidated damages provision applies to those contributions which remain unpaid, as well as those delinquent contributions paid after the commencement of this action. See Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Building Tech, Inc., 747 F. Supp. 288, 297 (E.D. Pa. 1990) (plaintiff funds entitled to liquidated damages under terms of agreement for delinquent contributions paid before suit).

In order to permit me to calculate damages in accordance with 29 U.S.C. § 1132(g)(2)(C), the parties are directed to jointly submit to the Court within 15 days of entry of this Order a calculation of liquidated damages for each Fund, at the 10% rate mandated by the liquidated damages provision of the Participation Agreement, and preferably in the tabular manner previously provided by Messrs. Birmingham

---

[3]Mr. Vaccaro states in his affidavit that the Funds' liquidated damages rate is calculated at 10% per month. (Vaccaro Aff., ¶ 8.) My reading of the Participation Plan is that liquidated damages are a one-time award of 10% of the unpaid contributions. (See Vaccaro Aff., Ex. C at ¶ 6.)

and Vaccaro.

4. ATTORNEYS' FEES

Having determined that Defendant is liable for unpaid contributions, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D); see also, United Auto. Workers Local 259 Social Sec. Dep't, 2007 WL 2472237, at *2 ("It is undisputed that ERISA mandates an award of reasonable attorneys' fees when. . .a fund prevails in an action for unpaid contributions..."). Plaintiffs are directed to submit a motion for attorneys' fees simultaneously with their submissions on damages.

5. DELINQUENT CONTRIBUTIONS PAID PRIOR TO THIS ACTION

Plaintiffs also seek to recover unpaid interest and liquidated damages on delinquent contributions that were paid to the Apprenticeship, Annuity, Pension and Welfare Funds prior to the commencement of this litigation. Delinquent contributions paid prior to the commencement of litigation are not "unpaid" and thus are not governed by the interest, liquidated damages and attorneys' fees provisions of ERISA § 1132(g)(2). See Carpenters Health and Welfare Fund of Philadelphia and Vicinity, 747 F. Supp. at 297. Plaintiffs nevertheless may recover interest and liquidated damages in accordance with the terms of the parties' agreement. Id.

Once again, Defendant has not produced any evidence challenging Plaintiffs' claims for interest and liquidated damages with respect to previously delinquent contributions, nor has Defendant challenged the applicability of the interest rates

and liquidated damages provisions to these payments. However, Plaintiffs' submissions fail to indicate conclusively which delinquent contributions were paid prior to the commencement of this action, the amount of prejudgment interest owed on those contributions, and the amount of liquidated damages owed pursuant to the 10% rate set forth in the Participation Plan.

Accordingly, the parties are directed to make a further submission to the Court within 15 days of entry of this Order of evidence which may permit me to determine the amount of delinquent contributions paid prior to commencement of this action and the interest and the liquidated damages owed thereon pursuant to the terms of the Participation Plan.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER OF COURT

AND NOW, this **17th** day of September, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that:

(1) Plaintiffs' Motion for Summary Judgment (Docket No. [15]) is granted as to liability; and it is further ORDERED that

(2) Plaintiffs are awarded as damages the principal amount of $144,674.51 on Count I of the Complaint and $5,396.55 on Count II of the Complaint; and it is further ORDERED that

(3) the parties will jointly submit to this Court within 15 days of entry of this Order a calculation of the prejudgment interest owed to each Fund on these principal amounts through the date of this Order; and it is further ORDERED that

(4) the parties will jointly submit to this Court within 15 days of entry of this Order a calculation of liquidated damages for each Fund relating to these principal amounts; and it is further ORDERED that

(5) the parties will make within 15 days of entry of this Order further submissions relating to interest and liquidated damages on delinquent contributions paid prior to the commencement of this action; and it is further ORDERED that

(4) Plaintiffs will submit a Motion for Attorneys' Fees and Costs simultaneously with the parties' submissions set forth above.


BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge