IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG SCOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| -vs- | ) Civil Action No. 06-1174 |
| ABSOLUTE INSULATION, INC., | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

This action was commenced by trustees of various employee benefit plans to recover unpaid contributions from Defendant Absolute Insulation, Inc., as well as interest, liquidated damages, and attorneys' fees. By Order dated September 17, 2007, this Court granted summary judgment on the issue of liability and directed the parties to jointly submit a revised calculation of interest and liquidated damages for each of the funds. In addition, Plaintiffs were directed to submit a motion for attorneys' fees. The joint submission and Plaintiffs' Motion for Attorneys' Fees were filed on October 1, 2007. Defendant's Response to the attorneys' fees motion was due on October 23, 2007. Defendant has not opposed the Motion for Attorneys' Fees.

I have reviewed the parties' submissions and find that they conform to my

September 17th Order. With respect to the unopposed Motion for Attorneys' Fees, I find that Plaintiffs' counsels' hourly rates are fair and reasonable given their skills, experience and reputation, and the prevailing rates charged by others of comparable skill in this market. See, e.g., Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). I further find that the hours expended in the course of preparing the complaint, the motion for summary judgment, and related work were reasonable. Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001).

Accordingly, I amend my Order dated September 17, 2007 and enter judgment for Plaintiffs in the amounts set forth in the accompanying Order and Judgment.

## ORDER and JUDGMENT

AND NOW, this **13th** day of November, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Motion for Attorneys' Fees (Docket No. 22) is GRANTED and this Court's Order, dated September 17, 2007 (Docket No. 20), is amended as follows:

(1) With respect to the 401(h) Fund, Plaintiffs are awarded the principal amount of $5,014.39 and interest and liquidated damages in the amount of $1,982.31, for a total amount of $6,996.70;

(2) With respect to the Apprenticeship Fund, Plaintiffs are awarded the principal amount of $3,872.49 and interest and liquidated damages in the amount of $1,721.08, for a total amount of $5,593.57;

(3) With respect to the Pension Fund, Plaintiffs are awarded the principal

amount of $37,809.25 and interest and liquidated damages in the amount of $14,949.61, for a total amount of $52,758.86;

(4) With respect to the Annuity Fund, Plaintiffs are awarded the principal amount of $33,926.70, which includes the award for Mr. Peak pursuant to 38 U.S.C. § 4318 (West 2007), and interest and liquidated damages in the amount of $13,399.23, for a total amount of $47,325.93;

(5) With respect to the Health and Welfare Fund, Plaintiffs are awarded the principal amount of $69,538.23, and interest and liquidated damages in the amount of $27,493.09, for a total amount of $97,031.32; and it is further ORDERED that

(5) Plaintiffs are awarded attorneys' fees and costs in the amount of $19,114.01.

Accordingly, the Clerk of the Courts shall enter JUDGMENT for Plaintiffs in the amount of $228,820.39 and this case is marked closed.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge